IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHELE R. WILLIAMS**                                                                                 **PLAINTIFF**

**VERSUS**                                                             **CIVIL ACTION NO. 1:18cv236-LG-RHW**

**HUNTINGTON INGALLS INDUSTRIES**                                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [2] the *pro se* Plaintiff's motion to proceed *in forma pauperis* (IFP) in this employment discrimination lawsuit. The granting or denying of leave to proceed IFP is left to the sound discretion of the District Court. *Willard v. U.S.*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd*, 422 F.2d 810 (5th Cir. 1970). Leave to proceed *in forma pauperis* is a privilege, not a right. *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968).

Plaintiff states in her IFP application that her total average monthly income is $5037.12, consisting of $4477.12 from employment and $560 child support. Additional assets include $100 cash, $300 in checking and $100 in savings, a 2001 Honda Accord valued at $2600. Plaintiff's income exceeds her average monthly expenses which total $4189, consisting of $971 rent/mortgage,[1] $350 utilities, $200 home maintenance, $550 food, $200 clothing, $50 laundry/dry cleaning, $100 medical/dental, $300 transportation (gas), $150 recreation and entertainment, $40 life insurance, $400 auto insurance, $50 for a home monitoring system, and installment payments of $628 for motor vehicle and $200 for cell phone.

## RECOMMENDATION

From the information provided it appears to the undersigned that with minor adjustment of some expenses, *e.g.* $150/month for recreation/entertainment or $200/month for clothing,

---

[1] Plaintiff does not indicate she owns a home, but states real estate taxes and property insurance are included in her rent/mortgage, and she lists a $200/month home maintenance expense.

Plaintiff has sufficient assets to pay the required filing fee. The undersigned recommends that the motion for leave to proceed IFP be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served with a copy of a Report and Recommendation, a party may serve and file written objections to the Report and Recommendation, specifically identifying the findings, conclusions, and recommendations to which she objects. The District Court need not consider frivolous, conclusive, or general objections. After service of objections, opposing parties have seven days to either serve and file a response or notify the District Judge that he does not intend to respond to the objection. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did file timely objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 17th day of July, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE