IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHELE R. WILLIAMS                                                              PLAINTIFF

v.                                                              CAUSE NO. 1:18CV236-LG-RHW

HUNTINGTON INGALLS INDUSTRIES                                       DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR LEAVE TO PROCEED IFP

BEFORE THE COURT is the [3] Report and Recommendation of Magistrate Judge Walker recommending that Plaintiff Williams' application to proceed in forma pauperis in this employment discrimination case be denied. Magistrate Judge Walker determined that Williams had adequate income with which to pay the filing fee. Williams has filed an objection, which the Court reviews de novo.

"A grant of leave to proceed in forma pauperis is made by considering only a petitioner's economic status." *Cay v. Estelle*, 789 F.2d 318, 322 (5th Cir. 1986), *overruled in part by Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (citing 28 U.S.C. § 1915(a); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)); *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1993). The district court has wide discretion in denying an application to proceed IFP, although it can abuse this discretion if it relies on arbitrary or erroneous grounds. *Hunter v. Rodriguez-Mendoza*, 623 F. App'x 266, 266 (5th Cir. 2015).

Williams' IFP application references monthly income totaling $5037.12 from employment and child support. She lists some cash and a vehicle with a value of $2600. Her listed monthly household expenses total $4189. Magistrate Judge

Walker concluded from this information that with some minor adjustments to her expenses, Williams had adequate funds to pay the filing fee.

Williams objects that the employment income she listed is gross; she nets only $2133.28 of her $4777.12 monthly salary. She also contends she will soon have an extra burden of paying for her son's expenses at the University of Mississippi. Nevertheless, the Court concludes that Williams is not unable to pay filing fees, she is "in the position of having to weigh the financial constraints posed" by going forward with this case. *See Sears, Roebuck & Co. v. Charles W. Sears Real Est., Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y. 1988). Accordingly, the Court overrules Williams' objections to the Magistrate Judge's findings and conclusion. The Report and Recommendation will be adopted as the findings of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [3] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Leave to Proceed In Forma Pauperis [2] is **DENIED**. Plaintiff Williams must pay the filing fee to the Clerk of Court within thirty (30) days of the date of this Order. Failure to do so will result in dismissal of this case.

**SO ORDERED AND ADJUDGED** this the 3rd day of October, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE