# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MICHELLE R. WILLIAMS**                                                       **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 1:18-CV-236-KS-RHW**

**HUNTINGTON INGALLS INCORPORATED**                         **DEFENDANT**

## ORDER

On February 25, 2020, Defendant filed its Bill of Costs [50]. Plaintiff filed a response [54] on March 10, 2020, objecting to any award of costs. Plaintiff argues that the Court should not award Defendant costs because 1) she would be unable to pay them, 2) Defendant is a large corporation with enough money for its own costs, 3) the Court erred in granting Defendant's motion for summary judgment, and 4) the requested costs were expended for the convenience of Defendant's counsel, rather than as a necessity.

Rule 54 permits the Court to award costs to the prevailing party. FED. R. CIV. P. 54(d)(1). Congress limited the recoverable costs to certain categories. *See* 28 U.S.C. § 1920. The Court "may only award those costs articulated in Section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). "Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), *overruled on other grounds*, 790 F.2d 1174 (5th Cir. 1986). But there is "a strong

presumption that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption since denial of costs is in the nature of a penalty." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010).

First, the Court understands that Plaintiff is displeased with the outcome of her case, but she has not presented the Court with any reason to revisit its opinion granting Defendant's motion for summary judgment.

Second, Plaintiff's naked assertion of her inability to pay is not sufficient to overcome the presumption that Defendant is entitled to costs. *See Carrubba v. Harrison County, Miss.*, 2010 WL 4718891, at *3 (S.D. Miss. Nov. 15, 2010); *Rule v. Region IV Mental Health*, 2009 WL 151334, at *1 (N.D. Miss. Jan. 21, 2009). Plaintiff provided no affidavit or detailed financial information in support of her opposition to Defendant's Bill of Costs. Moreover, the Court denied Plaintiff *in forma pauperis* status, finding that her gross monthly income was approximately $5,037.12, and her monthly household expenses were approximately $4,189. *See* Order Adopting Report and Recommendation at 1-2, *Williams v. Huntington Ingalls Indus.*, No. 1:18-CV-236-KS-RHW (S.D. Miss. Oct. 3, 2018), ECF No. 6.

Third, "reducing or eliminating a prevailing party's cost award based on its wealth – either relative or absolute – is impermissible as a matter of law." *Moore v. CITGO Refining & Chems. Co., L.P.,* 735 F.3d 309, 320 (5th Cir. 2013). Therefore, Defendant's relative wealth is irrelevant.

Finally, the Fifth Circuit provided the following summary of the law governing recovery of costs for deposition transcripts:

> [P]revailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were "necessarily obtained for use in the case." Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court.

*Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (citations, punctuation, footnotes omitted). The party seeking an award of costs bears the burden of proof. *Copper Liquor*, 684 F.2d at 1099.

Defendant requested $3,554.70 for the court reporter, video, and transcript from Plaintiff's deposition. *See* Exhibit A to Bill of Costs at 1-3, *Williams v. Huntington Ingalls Inc.*, No. 1:18-CV-236-KS-RHW (S.D. Miss. Feb. 25, 2020), ECF No. 50-1. Depositions are a necessary part of litigation. They are not only used for discovery. Rather, depositions are frequently used for trial preparation and during trial, particularly when the deponent was the opposing party, as is the case here. Therefore, the Court finds that the court reporter, video, and transcript from Plaintiff's deposition were necessarily obtained for use in this case.

Defendant also requested $820.30 for copying charges. Most of this amount

3

($818.80) was for copies of Plaintiff's medical records, but $1.50 of it was described as "Color Copies," with no indication of what was copied. Exhibit A [50-1], at 1.

"Before a district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. Moreover, the party seeking such costs must offer some proof of the necessity." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). While it is not necessary "to identify every xerox copy made for use in the course of legal proceedings," one must demonstrate "that reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286.

Plaintiff made her medical condition a part of this case by claiming that Defendant's actions had caused her to suffer emotional distress, anxiety, and hypertension. Moreover, medical records are frequently used for trial preparation and during trial, particularly where an opposing party claims certain types of damages. Defendant represented in briefing that the requested copying costs for the medical records were only what was charged by Plaintiff's medical providers. Therefore, the Court finds that $818.80 of the copying costs were necessarily obtained for use in this case, but the Court finds that Defendant has not provided sufficient justification for the unspecified $1.50 of color copying.

For all these reasons, the Court awards Defendant, Huntington Ingalls, Inc., **$4,373.50** in costs, payable by Plaintiff, Michele R. Williams.

SO ORDERED AND ADJUDGED this 18th day of March, 2020.

/s/   Keith Starrett
				KEITH STARRETT
				UNITED STATES DISTRICT JUDGE